# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MONTIE SULLIVAN,**

      **Petitioner,**

      **v.**

**RHONDA RICHARD, WARDEN,**
**MADISON CORRECTIONAL INSTITUTION,**

      **Respondent.**

**CASE NO. 2:17-CV-974**
**JUDGE ALGENON L. MARBLEY**
**Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## Facts and Procedural History

Petitioner challenges his convictions pursuant to his no contest pleas in the Franklin County Court of Common Pleas on aggravated burglary, burglary, and attempted aggravated burglary. On January 21, 2016, the appellate court affirmed the judgment of the trial court. *State v. Sullivan*, No. 15AP-809, 2016 WL 300175 (Ohio App. 10th Dist. Jan. 21, 2016). On May 18, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Sullivan,* 145 Ohio St.3d 1472 (Ohio 2016). On October 31, 2016, the United States Supreme Court denied the petition for a writ of *certiorari. Sullivan v. Ohio*, 137 S.Ct. 395 (2016).

On October 26, 2017, Petitioner executed this habeas corpus petition. He asserts that his convictions violate the Fourth Amendment because police obtained evidence via warrantless

GPS searches, and the state courts unconstitutionally applied the good faith exception to the

exclusionary rule. However, as a general matter, the Fourth Amendment does not provide a

basis for federal habeas corpus relief, so long as the petitioner had an opportunity to present the

claim to the state courts. *Stone v. Powell*, 428 U.S. 465, 482 (1976); *Riley v. Gray*, 674 F.2d

522, 526 (6th Cir. 1982) (opportunity for full and fair litigation of a Fourth Amendment claim

exists where the state procedural mechanism presents an opportunity to raise the claim, and

presentation of the claim was not frustrated by a failure of that mechanism).

> One, the key purpose of federal habeas corpus is to free innocent
> prisoners. But whether an investigation violated the Fourth
> Amendment has no bearing on whether the defendant is guilty.
> [*Stone v. Powell*], at 490, 96 S.Ct. 3037. Two, exclusion is a
> prudential deterrent prescribed by the courts, not a personal right
> guaranteed by the Constitution. Any deterrence produced by an
> additional layer of habeas review is small, but the cost of undoing
> final convictions is great. *Id*. at 493, 96 S.Ct. 3037.

*Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013). Such plainly appear to be the

circumstances here. *See State v. Sullivan*, 2016 WL 300175, at *1.[1]

---

[1] The state appellate court rejected Petitioner's claims, indicating:

> This case has an extended history with different courts reaching different results as to the question
> of whether Sullivan's motion to suppress evidence should have been granted. The trial court
> initially sustained the motion to suppress evidence based upon the decision of the United States
> Supreme Court in *United States v. Jones*, —— U.S. ——, 132 S.Ct. 945 (2012). A panel of this
> appellate court affirmed the ruling of the trial court, but the Supreme Court of Ohio in turn
> reversed our decision in *State v. Sullivan*, 141 Ohio St.3d 1419, 2014–Ohio–5567.

> The Supreme Court of Ohio did not direct the trial court to overrule the motion to suppress, but
> remanded the case to the trial court to apply its ruling in *State v. Johnson*, 141 Ohio St.3d 136,
> 2014–Ohio–5021. In Johnson, the Supreme Court of Ohio ruled that the good-faith exception to
> the exclusionary rule crafted by the United States Supreme Court in other Fourth Amendment
> situations should apply to searches which are based on GPS searches conducted before *Jones* was
> decided.

> We are not in a position to overrule the Supreme Court of Ohio. Thus, we must follow *Johnson*
> until such time as the Supreme Court of Ohio reverses itself or until the Supreme Court of the
> United States decides that *Johnson* was wrongly decided.

> As a result, we must overrule the sole assignment of error and affirm the ruling of the trial court.
> We do so rule.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

*State v. Sullivan*, 2016 WL 300175, at *1